IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00446-GPG

TRAVIS HODSON,

    Plaintiff,

v.

BIRGIT FISHER,
THOMAS QUAMMEN,
STEVE TEAMS,
DR. JANICE ORT, and
STEVE DOOLITTLE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Travis Hodson currently is being held at the Colorado Mental Health Institute in Pueblo, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff asserts three claims that challenge (1) his competency evaluation order in his pending criminal case; (2) the release of information from the Weld County Detention Center to Defendant D. Ort, who performed Plaintiff's competency evaluation; (3) his irreconcilable differences with his public defender, Defendant Steve Doolittle, who represents him in his pending state criminal case; (4) use of excessive force to remove him from his cell when he was transported from the Weld County Detention Center to the Colorado Mental Health Institute; (5) denial of medical treatment for the injuries incurred when excessive force was used against him; (6) ineffective assistance of counsel by Defendant Doolittle in Plaintiff's pending criminal case; and (7) a delay in being transferred to the Colorado Mental Health Institute. As relief, Plaintiff asks the Court to solve all his problems that relate to his "competency and representation." ECF No. 1 at 12. Plaintiff also asks that the Court "straighten out the Sheriff's office and correct the derelict acts being performed." *Id.*

First, to the extent that Plaintiff is challenging the competency evaluations being conducted, and the effectiveness of the attorney representing him, in his pending state criminal proceeding, Plaintiff recently raised these claims in *Hodson v. Reams*, No. 15-cv-02341-LTB (D. Colo. Mar. 22, 2016). The Court, in Case No. 15-cv-02341-LTB, determined that the Court lacked jurisdiction to review the claims, because federal courts are prohibited from interfering with ongoing state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995), absent extraordinary or special circumstances, which Plaintiff had failed to show.

Even if Plaintiff was able to assert the competency and ineffective assistance claims in this action, Defendants Thomas Quammen and Steve Doolittle are improperly

named parties to this action.   Whether a private attorney or public defender represents Plaintiff, he or she is not a state actor under 42 U.S.C. § 1983, (assuming, as stated above, that Plaintiff is asserting his claims pursuant to § 1983), and is not a proper party to this action.   *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).   Also, Judge Thomas Quammen is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he acts in the clear absence of all jurisdiction.   *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).   Judge Quammen was acting in his judicial capacity when he determined Plaintiff's competency; he was not acting in the clear absence of all jurisdiction.   Therefore, the claims Plaintiff asserts against Judge Quammen are barred by absolute judicial immunity.

To the extent, however, that Plaintiff is challenging the conditions of his confinement, such as the excessive force and denial of medical treatment claims he asserts on Page 6 of the Complaint, he may raise these claims, or other condition claims, pursuant to 42 U.S.C. § 1983.   Nonetheless, Plaintiff must comply with the following directives to assert a § 1983 claim.

Plaintiff is directed that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by a named defendant in the alleged constitutional violation.   *See Bennett v. Passic* , 545 F.2d 1260, 1262-63

(10th Cir. 1976). To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how the named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a 42 U.S.C. § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the Complaint and action without further notice.

DATED March 27, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge