IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00446-MEH

TRAVIS HODSON,

    Plaintiff,

v.

NANCY KROLL,
MATTHEW ELBE,
BRANDON WILLIAMS,
ROBYN JUBA,
STEVE REAMS,
UNKNOWN DEPUTY (A), and
UNKNOWN DEPUTIES,

    Defendants.

───────────────────────────────────────────────────────────

## ORDER
───────────────────────────────────────────────────────────

**Michael E. Hegarty, United States Magistrate Judge.**

On July 21, 2017, this Court issued an order dismissing this civil rights action without prejudice for Plaintiff's failure to prosecute his claims. ECF No. 62. Ten days later, Plaintiff filed a "Motion [for] Relief [from] Judgment." Plaintiff fails to demonstrate sufficient cause justifying relief; accordingly, the Court will deny the motion.

The facts and procedural history of this case are set forth in this Court's July 21, 2017 order and, thus, need not be repeated here. *See* ECF No. 62. The Court dismissed this case after the Plaintiff failed to comply with Court orders and to respond to the Court's order to show cause. *See id.* Here, Plaintiff argues the Court should "overturn the dismissal due to excusable neglect" in that Plaintiff was "on a writ to the Colorado Mental Health Institute at Pueblo." Mot., ECF No. 66. Plaintiff claims he "didn't notify the court, because the last time [he] did on May 11, 2016, it was

at risk for dismissal as moot." *Id.* He also states, "The court was already advised of my condition, and I didn't think it was necessary because I was asked if I was getting my mail, so I didn't notify the court of an address change." *Id.*

In this case, the Court must construe the Plaintiff's motion for relief liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Although courts typically differentiate a Rule 59 motion from a Rule 60 motion by the number of days after a judgment when the motion is filed (*see id.*), the Plaintiff specifies here that he seeks "relief from judgment" based on "excusable neglect"; thus, the Court will adjudicate the motion pursuant to Rule 60(b).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Id.* at 528.

The rule does not permit a party to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.") (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004)).

Here, the Plaintiff asks to "overturn the dismissal due to excusable neglect" which is governed by Rule 60(b)(1). The burden of proving excusable neglect rests with the party moving to have the judgment set aside. *Handy v. City of Sheridan*, No. 12-cv-01015-WYD, 2015 WL 428380, at *2 (D. Colo. Jan. 30, 2015) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Id.* (quoting *Pelican Prod. Corp.*, 893 F.2d at 1146). Further, a party's *pro se* status does not afford a basis for relief under Rule 60(b)(1). *Id.* (citing *Andrews v. Colo.*, No. 06–cv–01738-WDM, 2009 WL 3271177, at *2 (D. Colo. Oct. 9, 2009)). Likewise, "[i]ncarceration, by itself, does not excuse a litigant from responding to a lawsuit." *Associated Int'l Ins. Co. v. Crawford*, 182 F.R.D. 623, 626 (D. Colo. 1998).

3

In this District, "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." D.C. Colo. LCivR 5.1(c).

Here, the Plaintiff claims he was "on a writ to the Colorado Mental Health Institute at Pueblo but was still in the Sheriff's custody" and he "didn't notify the court, because the last time [he] did on May 11, 2016 it was at risk for dismissal as moot." Mot. 1. Plaintiff refers to an order issued by the Honorable Gordon P. Gallagher on May 13, 2016 during initial review in which Judge Gallagher ordered that the Plaintiff file a Second Amended Complaint to cure certain insufficiencies in the previous pleading. At the conclusion of the order, Judge Gallagher noted

> that Plaintiff recently filed a notice of change of address indicating he has been transferred from the Colorado Mental Health Institute in Pueblo, Colorado to the Weld County Jail. (ECF No. 7). In the Second Amended Prisoner Complaint, Plaintiff must advise the Court whether his claims or any part of his claims are mooted by his recent transfer.

Order, ECF No. 8. The Court finds the Plaintiff's decision not to notify the Court of his recent change of address based on a belief that Judge Gallagher's order constituted a "risk of dismissal" of his claims at this stage of the litigation is not justified. In his original Complaint and First Amended Complaint (filed before Judge Gallagher's order), Plaintiff's allegations, construed liberally, show that he was challenging a transfer from Weld County Detention Center *to* the Colorado Mental Health Institute on April 28, 2014. *See* ECF Nos. 1 at 6, 10; 6 at 5, 8. Thus, it was reasonable for Judge Gallagher to assume that a transfer *from* the Institute might render Plaintiff's claim, or a portion of his claim, moot. As such, Judge Gallagher simply directed the Plaintiff to consider the matter and amend his pleading accordingly.

The Court concludes Plaintiff does not demonstrate excusable neglect in his failure to

4

prosecute this action based on his recent transfer to the Colorado Mental Health Institute. Plaintiff does not argue that he cannot send or receive mail at the facility, or cannot otherwise prepare necessary documents for litigation of the case. In fact, the record demonstrates that Plaintiff resided at the Institute early in this litigation—from (at least) February 22, 2016 to May 11, 2016—and he was able to prepare and file his pleadings and timely respond to court orders during that period. Moreover, the record indicates no attempt by the Plaintiff to discern the status of his case after he was recently transferred to the Institute. Although the Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting the case with due diligence. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992) (pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants).

As for Plaintiff's statement that "[t]he court was already advised of my condition, and I didn't think it was necessary because I was asked if I was getting my mail, so I didn't notify the court of an address change," the Court finds such statement vague and confusing. Although true that the Court was informed of the state court's finding that Plaintiff was "incompetent" to proceed in his criminal case, such information, by itself, does not mean that Plaintiff was unable to participate in this case pursuant to the Court's orders and the applicable federal and local rules. In fact, while the Court attempted to secure volunteer counsel to represent the Plaintiff in this case, Plaintiff proceeded *pro se* and participated in this case for more than a year, including after the February 28, 2017 competency finding. *See* ECF Nos. 40, 44, 45, 48, 50, 52, 54.

Because the Plaintiff fails to demonstrate a reason that justifies relief from this Court's order dismissing the action without prejudice, the Court will **deny** Plaintiff's Motion [for] Relief [from] Judgment [filed July 31, 2017; ECF No. 66].

5

Dated this 21st day of September, 2017, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge